IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRANDON M. BLACKMON, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No.  05-1030-MLB |
| ) | |
| MARGO CRILE, et al., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case comes before the court on defendant Crile's motion for summary judgment.  (Doc. 62).  The motion has been fully briefed and is ripe for decision.  (Docs. 63, 64, 65).  Defendant Crile's motion is denied, for reasons herein.

**I.   FACTS**

Plaintiff has sued Crile in her individual capacity for actions taken while Crile was employed as a social worker by the Kansas Department of Social and Rehabilitative Services (SRS).  The allegations in the complaint stem from plaintiff's detention, placement and supervision while in SRS custody during 1996 to 1998. Plaintiff filed his amended complaint on April 19, 2005.  (Docs. 37, 63 at 2; 64 at 2).

On March 9, 2004, Crile filed a Voluntary Petition for bankruptcy.  See In re Margo Ann Crile, Case No. 04-11047 (Bankr. D. Kan. 2004).  On August 4, 2004, the petition was discharged.  On May 12, 2005, Crile filed a motion to reopen her bankruptcy case for the purpose of identifying and discharging previously omitted creditors. The Amended Schedule included plaintiff's conservator, plaintiff's

attorney, SRS' attorney and Phil Kline.  The parties were notified that the Amended Schedule would be adopted by the court if the parties did not object by May 27, 2005.  None of the parties objected to the Amended Schedule by the deadline.  On June 22, 2005, the bankruptcy court granted the reopening of the case for the purpose of identifying and discharging the additional creditors.  On June 23, 2006, Bankruptcy Judge Dale Somers discharged all Crile's debts contained in the Amended Schedule.  (Docs. 63 at 3-4; 64 at 2).

## II.  SUMMARY JUDGMENT STANDARD

The rules applicable to the resolution of this case, now at the summary judgment stage, are well-known and are only briefly outlined here.  Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" if sufficient evidence exists "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998).  When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  If so, the court cannot grant summary judgment. Prenalta Corp. v. Colo. Interstate Gas Co., 944 F.2d 677,

684 (10th Cir. 1991).

**III. ANALYSIS**

Crile has moved for summary judgment on the basis that 11 U.S.C. § 524 precludes plaintiff from continuing this action against her. The statute reads as follows:

> (a) A discharge in a case under this title–
>
> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

11 U.S.C. § 524.

Crile argues that the discharge operates as an injunction against the continuation of this action pursuant to the statute. Plaintiff responds that he is not pursuing a personal liability of Crile, but seeks a judgment against Crile in order to recover against the State of Kansas.

While a discharge in bankruptcy precludes the continuation of an action against the debtor to the extent that the judgment determines the debtor's personal liability as to any discharged debt, see 11 U.S.C. § 524(a), the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." See id. § 524(e); In re Walker, 927 F.2d 1138, 1142 (10th Cir. 1991). "It is well established that this provision permits a creditor to bring or continue an action directly against the debtor for the purpose of establishing the debtor's

-3-

liability when, as here, establishment of that liability is a prerequisite to recovery from another entity." Walker, 927 F.2d at 1142. The § 524(e) exception to the "post-discharge injunction hinges 'upon the condition that the debtor not be personally liable in a way that would interfere with the debtor's fresh start in economic life.'" Id. (quoting In re Jet Florida Sys., Inc., 883 F.2d 970, 975 (11th Cir. 1989)).[1] Crile has failed to put forth any evidence to demonstrate that her continuance in this case would interfere with her fresh start. Plaintiff has consistently maintained that Crile's participation is solely a means to establish Crile's liability. Accordingly, this case may proceed against Crile as long as Kansas law provides a way for plaintiff to recover against the State of Kansas if Crile is found liable.[2] See Healey v. Scovone, 1999 WL 535298

---

[1] Crile asserts that plaintiff must first seek an order from the bankruptcy court that modifies the judgment to allow the action to continue. The court disagrees. Several courts addressing this issue have determined that it is not necessary to reopen a bankruptcy case or to enter an order "modifying" the discharge injunction allowing a party to proceed with a lawsuit under § 524(e). See, e.g., In re Munoz, 287 B.R. 546, 550 (9th Cir. BAP 2002) ("[T]he assumption . . . that a bankruptcy court order is required any time an action is taken nominally against a debtor after discharge is . . . incorrect."); Green v. Welsh, 956 F.2d 30, 36 (2nd Cir. 1992)(plaintiff may proceed without obtaining a modification from the bankruptcy court); In re Patterson, 297 B.R. 110, 115 (Bankr. E.D. Tenn. 2003)("reopening the Debtor's bankruptcy case to enter an order 'modifying' the discharge injunction is 'an exercise in futility.'"; In re Christian, 180 B.R. 548, 550 (Bankr. E.D. Mo. 1995).

[2] In Healey v. Scovone, 1999 WL 535298 (10th Cir. July 26, 1999), an unpublished decision by a panel of the Tenth Circuit, the defendant, an employee of the New Mexico Children, Youth and Families Department, had discharged all of his debts in bankruptcy and moved for dismissal pursuant to section 524. The plaintiff asserted that she was proceeding against the defendant in order to seek indemnification from the New Mexico Risk Management Division (RMD). In determining whether the action could proceed, the Tenth Circuit looked to the New Mexico Tort Claims Act which required RMD to settle and pay claims against government employees for injuries or damages

(10th Cir. July 26, 1999).

Under the Kansas Tort Claims Act, the applicable statute reads as follows:

> (a) If an employee of a governmental entity is or could be subject to personal civil liability on account of a noncriminal act or omission which is within the scope of the employee's employment and which allegedly violates the civil rights laws of the United States or of the state of Kansas, the governmental entity:
>
> (1) Shall provide for the defense of any civil action or proceeding which arises out of the act or omission and which is brought against the employee in the employee's official or individual capacity, or both, to the extent and under the conditions and limitations provided by K.S.A. 75-6108 and amendments thereto for the defense of actions and proceedings under the Kansas tort claims act; and
>
> (2) may reimburse the employee attorney fees, costs and expenses incurred in defending a claim for punitive or exemplary damages in such action or proceeding to the extent and under the conditions and limitations provided by K.S.A. 75-6108 and amendments thereto for reimbursement of such fees, costs and expenses incurred in defending a claim for punitive or exemplary damages under the Kansas tort claims act.
>
> (b) The governmental entity, subject to any procedural requirements imposed by statute, ordinance, resolution or written policy, shall pay or cause to be paid any judgment or settlement of the claim or suit, including any award of attorney fees, and all costs and fees incurred by the employee in defense thereof if:
>
> (1) The governmental entity finds that the employee reasonably cooperated in good faith in the defense of the action or proceeding;
>
> (2) the trier of fact finds that the action or proceeding arose out of an act or omission in the scope of the employee's employment; and
>
> (3) the trier of fact does not find that the employee acted

---

resulting from covered acts. See Healey, 1999 WL 535298 at *1. Ultimately, the court determined that the plaintiff could not proceed since the New Mexico Tort Claims Act required that the employee's acts be within the scope of employment. The defendant had acted outside the scope of employment by sexually assaulting the plaintiff. Id.

or failed to act because of actual fraud or actual malice. K.S.A. 75-6116.

Crile contends that the state would not be obligated to indemnify her in this case since she has no personal civil liability as required in subsection (a). The language in that section states "[i]f an employee of a governmental entity is or could be subject to personal civil liability" the governmental entity (1) shall provide a defense for a claim for compensatory damages and (2) may reimburse the employee for defending a claim for punitive damages. K.S.A. 75-6116(a). The language does not apply to payment of a judgment.

The court was unable to find any Kansas court decision that interprets the meaning of the language in section (a). Regardless, the court finds that the language in section (a) is not relevant to the current issue before the court since that section strictly applies to provision of counsel.[3] At this time, the state is continuing to provide counsel for Crile.[4]

Based on the plain language of the statute, subsection(b) does

---

[3] Interestingly enough, K.S.A. 75-6108 also provides instructions as to when a governmental entity is required to provide a defense to an employee but does not include the limiting language of K.S.A. 75-6116(a). Rather, the statute requires the governmental entity to provide a defense for the employee unless the act or omission fell within one of the following exceptions: outside of the scope of employment; the act constituted actual fraud or actual malice; the defense would create a conflict of interest; or, the request was not made in accordance with K.S.A. 75-6108(e). K.S.A. 75-6108(c).

[4] Crile has listed Arthur Chalmers as her attorney, the author of the current motion, and Danny Baumgartner, the attorney representing the Kansas Department of Social and Rehabilitative Services. Baumgartner presumably is a state employee. Chalmers is in private practice. The record does not reflect whether he has been hired by the state or whether he represents Crile through some sort of insurance arrangement. In either case, it is not up to this court to decide whether Crile should have a lawyer or lawyers.

not predicate the state's liability on Crile's personal liability. Rather, K.S.A. 75-6116(b) states that the governmental entity must pay any judgment as long as it finds that all of the three conditions have been met.[5] Crile contends the condition of reasonable cooperation in the proceedings cannot be met since she has no incentive to cooperate. Crile is asking the court to dismiss her from this action based on actions or inactions which have not yet occurred.  Crile's participation, past or future, cannot be evaluated based on the present submissions and, once again, that determination is made by the governmental entity, presumably <u>after</u> a judgment has been entered by the court (assuming one is).  K.S.A. 75-6116(b)(1).

Crile further asserts that the requirement of her being "personally liable" is necessary since an indemnitor, such as the state, cannot be required to indemnify Crile unless she is legally liable.  Crile has not supported her argument with any relevant authority.  In drafting the statutes, the representatives of the State are free to make the provisions as broad or narrow as they choose. While the common law definition of indemnification may not require the indemnitor to pay until the indemnitte has suffered a liability, parties to an agreement may expand their obligations. <u>See</u> <u>In re Coho Resources, Inc.</u>, 345 F.3d 338, 346 (5th Cir. 2003)(addressing whether an indemnitor would be required to pay a judgment when the indemnitee has discharged the claim in bankruptcy); <u>see also</u> <u>Barger v. State of Kan.</u>, 620 F. Supp. 1432, 1438 (D. Kan. 1985)("The [indemnity]

---

[5] Crile has not asserted that the state would not be required to indemnify her because the alleged actions or omissions were outside the scope of her employment and/or constituted actual fraud or malice.

statutes are simply agreements between the state and its employees.") This statute has been drafted quite broadly and requires that the state pay a judgment as long as the conditions set out in 75-6116(b) are met.

The court finds that plaintiff may continue this action against defendant Crile in her personal capacity for the sole purpose of establishing her personal liability.

## IV.   CONCLUSION

Defendant Crile's motion for summary judgment (Doc. 62) is denied.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged.  The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this 12th day of January 2007, at Wichita, Kansas.

                                              s/ Monti Belot
                                              Monti L. Belot
                                              UNITED STATES DISTRICT JUDGE